UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRENDON LEE LANDS (#448561)
 (a/k/a JOEY LANDS)

VERSUS                                                                CIVIL ACTION

LYNN COOPER, ET AL                                      NUMBER 09-98-FJP-DLD

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 15, 2010.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRENDON LEE LANDS (#448561)
 (a/k/a JOEY LANDS)

VERSUS                                                              CIVIL ACTION

LYNN COOPER, ET AL                                        NUMBER 09-98-FJP-DLD

MAGISTRATE JUDGE'S REPORT

This matter is before the court on the application of petitioner Brendon Lee Lands (a/k/a Joey Lands) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner pled guilty to five counts armed robbery and one count first degree robbery in the Nineteenth Judicial District Court for the Parish of East Baton Rouge on December 14, 2001. On February 25, 2002, the petitioner was sentenced to a 30 year term of imprisonment at hard labor without benefit of probation, parole, or suspension of sentence in the custody of the Louisiana Department of Corrections. Petitioner did not appeal his convictions and sentences.

On February 15, 2004, the petitioner filed an application for post-conviction relief in the district court. On May 10, 2007, the trial court denied review. Petitioner sought review in the Louisiana First Circuit Court of Appeal. The Louisiana First Circuit Court of Appeal denied review. *State of Louisiana v. Brendon Lands A.K.A. Joey Lands,* 2007-1712 (La. App. 1st Cir. 10/30/07). Petitioner sought review by the Louisiana Supreme Court. The Louisiana Supreme court denied review on September 26, 2008. *State ex rel. Brendon Lands v. State of Louisiana*, 2007-2475 (La. 9/26/08), 992 So.2d 978. The court

1

specifically relied on La.C.Cr.P. art. 930.8.

Petitioner signed his federal application for habeas corpus on January 21, 2009, and it was filed on March 13, 2009.

No evidentiary hearing is required. Petitioner's federal habeas corpus application is untimely.

Under § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act, a prisoner in custody pursuant to the judgment of a state court has a one year period within which to file an application for a writ of habeas corpus. The limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

As provided by § 2254(d)(2), the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending shall not be counted toward any period of limitation under this subsection. A "properly filed application" is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing. *Lovasz v. Scig*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *Galindo v. Johnson*, 19 F.Supp.2d 697, 701 (W.D.Tex. 1998). A state application is "pending" during the intervals between the state court's disposition of a state habeas corpus petition and the petitioner's timely filing of petition of review at the next level. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

Petitioner's conviction became final no later than March 25, 2002.[1] By the time the petitioner sought post-conviction relief in the trial court on February 15, 2004, the time limit

---

[1] For purposes of § 2244(d)(1)(A), a state conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review.

to file a federal habeas corpus application had already elapsed.[2]  Petitioner's federal habeas corpus application was not timely filed.[3]

### **RECOMMENDATION**

It is the recommendation of the magistrate judge that the petitioner's application for habeas corpus relief be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

Signed in Baton Rouge, Louisiana, on March 15, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[2]  Although the entire state court record was not filed in response to the court's February 18, 2009 order, the portions of the state court record produced are sufficient to determine whether the petitioner's federal habeas corpus application was timely filed. Moreover, the dates relied upon to determine timeliness are not disputed by the petitioner.

[3]  In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief.  *Coleman v. Johnson*, 184 F.3D 398 (5th Cir. 1999).  A review of the record disclosed no "rare and exceptional circumstances" to justify equitable tolling.  *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).